*349 OPINION of the Court, by
Judge Owsley.
— -Edmond Wooldridge, deceased, in his lifetime made his *350 Will, and among various other provisions, left Si ⅛ the, power of his executors to sell hr exchange any part of-his estate, real or personal, as they might judge necessary for the advantage ofhis estate; and appointed John Watkins and three others his executors,
The íhtute íLs toa 4fe onhis kind ; but on-1» to cales where Tales are directed pefi, tiveiy and un-thedteftatorliby
As the fale hy the one executor did not tie! the remedy of the heirs is cham'er»1'1* *”
The'fettle. mentof an ex. ecutor s ac. county court is fnmafade evi. rectnefsfltin ” controverfy with the heirs, Scfto Z fettlement may by fuit in chan, eery jurebarge and falsify the accounts fb fet# tied.
*350 Some years after the death of Wooldridge, John Watkins, who alone qualified as executor, sold*the tract of land whereon the testator deceased to John. Mos®. Subsequent to this, commissioners were appointed by the county court to settle and ad just the accounts of the executor’s administration. -They accordingly*adjusted the accounts’ and made report, and by order of the court their.report qsas recorded.
After this, the heirs and representatives of Wool-dridge exhibited their bill in chancery, m which they e^*arSe £'eneraty the settlement hy the commissioners was made without their participation, whilst they were minors, and by the procurement of John Watkins the executor . an<j that the settlement in many respects was .. . . . , , , predicated upon improper premises, and the results thereof incorrect in point of fact, and unwarranted by Pr*nc’ídes of law or equity; and they allege specially that the sale of the land whereon said Wooldridge; deceased, was made by the executor without due regard,, tQ t|le situation of the estate, and without any necessity . 7 . . ■ , ■ - , J . for such a measure, but knowingly in violation or the provisions of the will, for less than one half its value, They make both the executor and Moss defendants, and pray f°r a conveyance to the land, &c. and that the executor be compelled to render a just account, &c. of,his_ administration, and for general relief, Both Moss and Watkins the executor died before they answered the bill. The suit was then revived in, names of Moss’s devisees and Watkins’s executor.
The devisees of Moss by their guardian deny any knowledge of the transaction, and required full proof to aj[ the allegations in the bill. The executor of Watkins by his answer states he knows nothing or tne transaction, but relies on the settlement with the county court. court below, on a hearing of the cause, dismissed
the complainants’ bill without, prejudice totheir right to sue-at law, &c. ; from which decree this appeal haft been prosecuted.
In fuch cafe the bill fhould fpecify the itema to be furcharged or falsified.
Two inquiries are presented for consideration in the determination of this cause. 1st, As to the relief sought against the sale of the land by the executor to Moss. 2d, The effect of the settlement made by the executor with the county court.
The appellants must have resorted for relief against the sale of the land, to a court of equity, upon the supposition that John Watkins, the acting executor, had authority by the will, without the concurrence qf the other executors, to sell and convey the land : for unless he had such authority, the conveyance to Moss could not transfer the title, and consequently their remedy was complete at law. It is proper, therefore, ye should examine the extent of the executor’s authority to sell the land, as derived from the will. The power given by the will is a naked authority, .without an interest in the executors, to sell or exchange any part of the testator’s estate they might judge necessary for the advantage of the estate. In such a case, according to the principles of the common law, one executor cannot sell the land without the concurrence of the others. — Co. Litt. 1 ¡ 3 a •^Powel on Devises 394, 304-5-6, &c. and the authorities there cited.
But by statute, “ the sale and conveyance of lands devised to be sold shall be made by the executors, or such of them as shall undertake the execution of the will, if no other person be thereby appointed for that purpose ; or if the person so appointed shall refuse to perform the trust, or die before he has completed it.” This statute, we apprehend, cannot however affect the present case; because we are of opinion those cases only fall within the influence of its operation, where sales are directed unconditionally to be made. But where, as in this case, the sale is made to depend on the judgment to be formed by the executors as to its necessity or expediency for the advantage of the testator’s estate, that judgment must be formed by all, and the concurrence of all must be had to the sale and conveyance, to transfer the legal title in the land: for although where nothing is to be done by those empowered, but to sell and convey, the statute applies, and authorises one, where the others refuse to perform the trust, yet where the sale is to depend upon some other act to be done by those empowered, the sta* *352 jute contains no provision dispensing with the conctir* rence of all in the performance of such an act.
As the sale of the testator’s land was made, therefore, to depend on the contingency of his executors judging it necessary for the advantage of his estate, the sale made by one of the executors did not transfer the title out of the appellants. Their remedy to recover the land is consequently at law, and the court decided correctly in withholding relief. s
We shall next inquire what effect is to be given to the settlement made by the executor with the county court ? The county courts have jurisdiction in cases respecting wills and letters of administration ; and executors and administrators are bound both by their bonds and oaths to account to the county court whenever thereto required. The law vesting this jfirisdictioh in the county courts, and imposing these obligations on executors and administrators, has failed to point out the mode in which those accounts are to be taken, or the effect of a settlement so made with the court.
The uniform practice of this country and Virginia (whose laws in this respect we have adopted) has been for the county court to appoint commissioners to adjust the accounts of the administration ; and their adjustment, if satisfactory to the court when reported, is entered of record.
These proceedings are most commonly had too ex-parte, in the absence and without the concurrence of those entitled to the estate of the deceased* But as the county court has the jurisdiction and the executor is bound to account when required, such a settlement, though exparte, should at least be deemed prima facie correct in a contest with the heirs.
But in such a case common justice requires that the heirs, who were not parties to the settlement, should be permitted by a suit in chancery to surcharge or falsify any part or all of the accounts or settlement — See 4 Hen. and Mun. 253, 428.
As to the evidence required to establish a surcharge or falsification, it must depend upon the circumstances of each particular case, and we apprehend need not be considered in the present case ; because we are of opinion the bill should have specially charged the surcharge or falsification, so as to háve informed the executor *353 what part of the account was disputed. The general allegation in the bill, that the ^settlement in many respects is incorrect, cannot be sufficient for that purpose : For by that allegation the executor cannot know what item in the account is contested, whereby to enable him to praye its justness ; and it would be imposing on him too much, to require proof as to all the accounts, when but part are denied, ⅛
We think, therefore, the court below properly refused relief against the settlement made with the county court. — ~E/ecree affirmed.