Judge Trimble
delivered the opinion of the Court.*
Abraham Froman and Hannah, his wife, exhibited their bill against James'P. Slaughter, Jeremiah Brown and William W. Mason, in which they allege, in substance, that on the 18th day of April' 1814, administration of the estate of William Minor, deceased, was granted by the county court of .Nelson, to the said James P. Slaughter and the said .Hannah, who was then the widow of said Minor, and that they gave bond as the law directs, with the said Brown and Mason their securities; that after the intermarriage of the complainants, the securities of the said Slaughter and the said Hannah moved the-county court ofNelson to compel them to give counter security, which they failed and refused to do, in consequence of which, administration of the estate was granted to the said Abraham Froman; that after administration was granted to said *96 Fromair, tfie county court made a settlement with the said Slaughter and the said Hannah, of their administration accounts, by which it appears that the said Hannah was in arrear the sum of $45 73 cents, and that the said Slaughter was in arrear the sum of $343 42 cents, which sum the bill alleges said Slaughter refuses to pay over to the complainants. They pray for a decree against the defendants, for the balance which appears against said Slaughter by the settlement, and that the,complainant, Hannah, may have her dower assigned her in said sum, and for general relief.
Answer of Mason, the surety..-
Debree of the circuit court.
In a bill by a subsequent administrator against a prior one, neither the widow nor distributees are necessary parties.
Mason, in his answer, admits that he became security for the complainant, Hannah, and the defendant, Slaughter, and that afterwards administration of said estate was granted to the complainant, Abraham Fro-man, as is stated in the bill. He says that he knows nothing of the settlement made with the county court by the said Hannah and the said Slaughter, nor does he know that said Slaughter is in arrear, and that he was not party to any settlement made by them with the county court, and therefore cannot be bound thereby.
A copy of the settlement made with the county court was filed in the cause, from which it appears that there is a balance found against the said Slaughter, amounting to $397 44 cents.
The other defendants failed to answer the bill.
On a final hearing, the court below rendered a decree in favor of the complainants, for the said sum of $397 44 cents, and costs of suit, and the defendants have brought the case before this court by writ of error.
Sevéral objections are taken to the proceedings in the court below, which will be noticed in their proper order.
1st. It is objected, that the distributees of the decedent should have been made parties to the suit, and that Mrs. Froman, the late widow of the decedent, should have been before the court in her individual right, for the purpose of obtaining a decree for her proportion of the decedent’s estate.
As this is a suit brought by the present administrator agaijist a former administrator and fiis sureties, to recover from them the balance of the estate of the de-* cedent remaining in the hands of the former administrator, no reason is perceived for making the distribu-tees orthe. late widow of the decedent, parties to the *97 suit. Their rights cannot be settled in this suit, nor can the court make any decree for or against them.
^adlfwfttfati SiminTstrator, after hfe refusal to give curit/and" appointment ?f a successor, evidence,30*0 against both him and hi* sureties-
But rents ceived by the to^ahhowdi charged in° such settle-cannot gainst his sureties,
2d. The next objection is, that the court ought not to have permitted the settlement made with the county Court by the said Slaughter, to be used as evidence against his sureties.
An administrator’s bond requires him to make a just account of his actings and doings. When thereto required by the county court, and when his accounts are examined and allowed by the eourt, to pay over the balance that may be found against him, to such person or persons as are entitled to the same by law. As, therefore, an administrator is bound by his bond to settle hi3 accounts with the county court, and as the settlement with the court, when it is made, shows what the balance is, which ought to be paid over by him, it follows, that the settlement, although made ex parle, ought to be used as evidence, prima facie at least, against' the administrator and his sureties, in a suit brought by the person to whom that balance ought to be paid. This principle is sanctioned as a general one, by the case of Wooldridge's heirs vs. Watkins' executors, 3 Bibb 349; and the circumstance of the settlement having been made, in this case, after administration of the estate had been granted to another, does not render it diSerent in principle, from a case where a settlement is made with an acting administrator.
3d. The last objection which we shall notice, is, that the court belowought not to have charged the sureties in the adrninisiration bond, with the rents received by the defendant, Slaughter, as administrator of the decedent.
This objection, wc think, is well founded. As administrator, he had no right to receive the rents of the land which descended to the heirs of the decedent, and of course his sureties ought not to be compelled to pay over the amount thereof to his successor.
As the decree, on- this ground, is erroneous, and must be reversed, it becomes necessary to direct what decree ought to be rendered when the cause is remanded to the court below. After deducting the amount of the rents, and the interest thereon, with which the defendants have been charged, from the amount found against Slaughter by the settlement with the county there remains a balance of 84. For that *98 sum, a decree ought to be rendered in favor óf the complainant, Abraham Froman, with interest thereon at the rate of six per centum per annum, from the 17 th day of April 1820, the date of the settlement with the county court, until paid; and as to the complainant, Hannah Froman, the bill ought to be dismissed.
Mandate for a specific sum to be decreed Each party to bear their own costs.
Sharp, for plaintiff.
The decree is reversed, and the cause remanded to the court below, with diréctions to, render a decree therein in conformity with the foregoing opinion.
The parties must respectively bear their own costs in •this court.

 Absent, Ch. J. Barry.