Judge Ewing
delivered the Opinion of the Court.
The defendants in error brought an action of ejectment against Smith, for a tract of one hundred and two acres of land. They claimed as heirs of Henry C. Moore, deceased. Smith claimed, in part, under a conveyance made to him by one of the executors of said decedent, and as to the residue, under a conveyance made to him by his widow — it being the part allotted to her for dower. The land had been the property of William Moore, deceased, who, by his' will, directed his estate to -be divided among his children. Commissioners were appointed under the act of 1811, (2 Stat. Law, 1070,) who assigned to the widow her dower, and made partition of his lands and slaves among his devisees, allotting fifty two acres of the land in contest to Henry C. Moore, and fifty acres to a. sister, from whom he purchased, and received a deed, and other parcels to other devisees, and made their report to the Court, which was received, and ordered to be recorded; but no conveyances were made, or other steps taken to complete the titles.
Henry C. Moore died, having made his will, in which he says, “ my executors/ may exercise a discretionary power to sell and convey any or all of my estate, real and personal;” and appointed Wm. Moore and his wife Sarah his executor and executrix, both of whom qualified. He left a son, an only child, who died shortly after the death of his father.
Verdict and judgment was obtained for the plaintiffs, for all the tract, except that part conveyed by the widow; from which Smith has brought the case to this court.
The power to sell,' conferred by the will, was a naked power, and to be exercised at the discretion of the executors, and required the joint judgment of both. The *418 sale made by one only, therefore, passed no title. Wooldridge's Heirs vs. Watkins, 3 Bibb, 349; Coleman vs. McKenney, J. J. Marshall, 250; Halbert vs. Grant, 4 Marshall, 582, and other subsequent cases.
Proof that the deft in eject, entered under A and B, and was in possession of the land in contest when the suit was brought, is sufficient evidence of possession, to sustain a verdict.
The act of 1811, concerning “the conveyance & di vision of lands” applies only to lands descended,, not to estates by devise.
The record must show that the commissioners were sworn (as the act requires) or the proceeding must be deemed invalid.
Conveyances by the commissioners are required; without which, the partition gives no title.in severalty.
We also think that possession in the, defendant was sufficiently made out to warrant the jury in finding against him. Boswell proved that the defendant was in possession of the land in contest, at the commencement of the suit.
• And Smith, by his own witnesses, proved that he entered on the land in contest as a purchaser from William/ Moore and Sarah Moore.
This testimony surely conduces to prove that he was in possession of the whole tract, and not merely the small slip allotted to the widow as dower, the tract in contest not being one on which was the mansion house of the decedent.
But the Court instructed the jury, “that, if they believed the whole of the evidence given on the part of the lessor of the plaintiff, that they have made out a good legal title to the premises in controversy.” And Upon this instruction, as well as on the motion for a new trial, ■other questions arise, which, though not noticed by the counsel in argument, the errors assigned are deemed suf'ficiently broad to embrace them.
The statute of 1811, before referred to, applies only to estates which have descended when any person shall have died intestate, and not to estates that have been devised.
Again-; the statute directs the commissioners to be sworn. There is no evidence in the record that they were sworn, nor do they recite the fact in their report.
Again; the statute directs that “the commissioners shall be empowered to convey to each parcener the part allotted to each,” “and such partition and conveyance shall be as valid and effectual as if the same had been made in any manner now authorized by law.” The conveyance is made essential to complete the title, and without it, the title in severalty does not vest. There is a want of conformity in other respects to the requisitions of the statute, which it is not necessary to notice.
Land was devised to several, & partition made among them; one of the devisees, in possession of the share allotted to him, and of another that he had purchased, died; and his executor having sold the land, his heirs brought ejectment for it: though the allotment was invalid, and vested no. title in severalty in their ancestor, so that they could not. recover as hi3 heirs — had the proofshovvnthat, as surviving devisees and heirs of devisees of the first devisor, they were entitled to the whole estate, it would have sustained a verdict in their favor; but here, the proof is insufficient, in that, respect.
But though the division was incomplete, and the title did not vest in H. C. Moorfe for want of a conveyance, yet had the plaintiffs shown that they were the only surviving devisees of William Moore, deceased, and the descendnnts and heirs, mediately or immediately, of those that we re dead, if any had died, they could have recovered the whole of the land for which a verdict was obtained in an undivided state — an undivided part as devisees, and the rest as descendants and heirs of those that had died.
But there is an obvious failure of proof upon these points.
James is mentioned as a son, and devisee in William Moore’s will. And he is not one of the lessors of the plaintiff; nor is it shown that he has died without issue..
Several persons by the name of Boswell are inserted as lessors; it is not shown who they are; or what relationship they bear to William Moore, or to the infant of, Henry C. Moore. So with respect to Forsythe and. wife, and Tibbs and wife.
There are defects in the proof as to other parties,, which we deem unnecessary to point out.
Though we would be justified in concluding that some of the lessors were the devisees of William and the heirs of the infant, from, the correspondence of their names with those in the will, and as such' they would be authorized to recover their undivided, interest in the land; yet, as the instruction would warrant a recovery of the whole, and as they have recovered the whole, the verdict cannot stand.
But if it be contended that, as the defendant came into the possession of the land under those acting as the fiduciaries and representatives of the estate of H.. C. Moore, deceased, that he cannot dispute Moore’s title (which is certainly not to be controverted,) yet they have equally failed in proving themselves to be his heirs, or the heirs of his infant son.
' It is,' therefore, the opinion of the Court that the judgment of the Circuit Court be reversed, and cause remanded, that a new trial may be granted.