JOHN C. MILLER *et al.*, Defendants in Error, *v.* JOHN B. EVANS *et al.*, Plaintiffs in Error.*

*Mortgage—Powers—Trust.*—A deed of trust in the nature of a mortgage, provided that the trustee or his legal representative, or, in case of his death or absence from the State, the sheriff of the county, might proceed to sell the trust property, &c. The trustee having died, the sheriff sold the land and made a deed, by which he assigned, transferred and conveyed to the purchaser all the right, title and interest in him vested by said deed and appointment, that he could sell or convey as sheriff or trustee. Upon a bill brought by the owner to redeem, *held*, that the sheriff had no right, title or interest in the property whatever, and that his deed passed no title to the purchaser.

*Mortgage—Trustee's Sale—Advertisement.*—A misdescription in the trustee's advertisement of the note, for default in payment of which the property is sold, affords no grounds for setting aside the sale.

*Error to St. Louis Land Court.*

*Lackland, Cline & Jamison* and *Gibson*, for plaintiffs in error.

The sheriff had power to make the sale under the deed of Mordecai and Clamorgan to Thompson. (Foster v. Goree, 4 Ala. 440; Wooldrige v. Planters' Bank, 1 Sneed, 302; Goss v. Singleton, 2 Head, 67; Gibbs v. Marsh, 2 Metcalf, 243, 244, 253.) Trustee may sell for non-payment of inter-

———

* This case and the following of Miller and Lich v. Hummitsch *et als.* were argued and submitted together.

est, although debt be not due. (Richard v. Holme, 18 How. U. S. 143.)

The Land Court seemed to proceed upon the erroneous idea, that a party can not be empowered to sell land without owning an interest or estate in it; thus abrogating the whole doctrine of naked powers. Sheriffs, administrators, curators, guardians, and attorneys, in fact all may sell land in the exercise of a naked power, without having any interest whatever in the land.

The words legal representatives, as used in the deed, mean successors in trust, if they have any particular meaning. (Tipping v. Howard, 6 Eng. Law & Eq'ty R. 99.)

*Glover & Shepley, Kribben & Kehr*, for defendants in error.

I. The sale by the sheriff of St. Louis county is no bar to the equity of redemption, because the same was wholly unauthorized by the terms of the deed of trust to Thompson.

That deed provided that the power of sale should be exercised by " Thompson," or his legal representatives, or, in case of death or absence from the State, " by the sheriff of the county." The evidence shows that Thompson died in St. Louis county, leaving a widow and heirs, two children. The legal presumption that they remained here in the State, was not repelled by any evidence. There was no proof that they were dead or absent from the State; nor was there any evidence that there was no administrator or executor of the dead trustee who could execute the power of sale in the deed.

The question sometimes made, whether the administrator, or executor, or the heirs, or devisees at law, were the proper ones to act, does not arise, because all have been passed by. The whole class of representatives required by the deed to act before the sheriff, were ignored in this sale, and that without any pretence of their death or absence. This defect is fatal to defendants' title.

II. The sheriff had no power to sell or convey the title to lot 17. By the deed to Thompson, the title vested in him. On his death it passed to his (Thompson's) heirs, or devisees, if he left a will. (9 Mo. 321.) Now the sheriff, not having the title in him, could not convey it; there was no interest whatever in sheriff Andrews on which his deed could operate. The only question which then remains is, could Andrews' deed take effect by the execution of a power? We know of no principle of statute or common law on which such a deed can be sustained.

III. The deed of sheriff Andrews is no bar to the equity of redemption, because it does not purport to convey the lot, nor the interest of Thompson's widow, or heirs, or devisees; nor the interest of Clamorgan or Mordecai, nor of any other person who had an interest in it. Andrews conveys "all the right, title and interest in me vested by said deed and appointment, that I may or can sell or convey as sheriff and trustee, by virtue," &c.

The whole conveyance operates on the "right, title and interest *in me vested*," and on nothing else. Now there was no right, title or interest in the property in dispute whatever vested in Andrews in any capacity. It is not pretended that there was. It is only claimed that a power to sell and convey the lot, the title whereof was in the heirs, or devisees of Thompson, could be lawfully exercised by Andrews. But he has conveyed his own interest in the lot. The deed therefore is a nullity, so far as it may be employed to bar the plaintiffs' equity of redemption, for the want of any operative words of conveyance.

IV. In the case of the Thompson deed of trust, there was no legal advertisement; no day was mentioned on which the sale was to take place. The advertisement as printed, and as now produced in this court, is unintelligible as to the day of sale. The property was sacrificed, and the sale should be set aside. (5 Leigh, 370.)

DRYDEN, Judge, delivered the opinion of the court.

This was a proceeding to set aside a sale to the defendants made under a deed of trust, and for leave to redeem. The plaintiffs claim to have acquired the equity of redemption in the property in controversy, viz., lot No. 17, in Riley's addition to the city of St. Louis, by virtue of a purchase at a trustees' sale, made under a deed of trust junior to that under which the defendants claim.

The Land Court rendered a decree vacating the deed under which the defendants derived their title, and permitting the plaintiffs to redeem; from which the defendants appealed to this court.

The material facts, as disclosed by the record bearing upon the question arising in the case, are as follows: Samuel Mordecai and Henry Clamorgan, being the owners of the property in controversy, in August, 1854, conveyed it by a deed of trust to one James W. Thompson, to secure a debt of two thousand dollars to the defendant Pelagie Rutgers. The deed provides that, in default of payment of the trust debt at the time appointed, " the party of the second part, (Thompson,) or his legal representatives, or, in case of his death or absence from the State, the sheriff of the county may proceed to sell the (trust) property," on the terms prescribed. One Andreas Hummitsch, having become the owner of the trust property subject to the encumbrance, afterwards on the 6th of March, 1857, conveyed the same together with the two adjoining lots (Nos. 15 and 16) to Christian Kribben, in trust to secure a debt from said Andreas to the plaintiff Lich. Kribben, on the 22d of August, 1860, sold and conveyed the three lots, 15, 16 and 17, under the last named trust, to the plaintiff Miller, who conveyed an undivided half of the property to his co-plaintiff Lich.

Thompson, the trustee having died leaving a widow and two infant children residing in the city of St. Louis, John H. Andrews, the then sheriff of St. Louis county, on the 1st day of October, 1860, in the attempted execution of the

trusts of the deed from Mordecai and Clamorgan, sold and conveyed the premises in controversy to the defendant Pelagie Rutgers.

The granting words of the deed from sheriff Andrews are as follows: " By virtue of the authority in me vested by said deed and appointment, I do hereby assign, transfer and convey to her, the said Pelagie Rutgers, all the right, title and interest in me vested by said deed and appointment, that I may or can sell and convey as sheriff and trustee as aforesaid." This was the deed which, by the decree, was vacated.

1. The title to the property was vested in Thompson, the trustee, in fee simple, by means of the deed from Mordecai and Clamorgan, and on his death it passed to his heirs, encumbered by the same trusts with which it was clothed in his hands. No title whatever was vested by the deed in the sheriff. The deed conferred upon him a bare power of sale contingently, nothing more. Whether at the time of the sale the contingency had arisen which would justify the exercise of the power by him, a question not the easiest of solution, we do not deem necessary to give an opinion, as the decision of the question, one way or the other, would not, in the view we have taken of the case, at all change the result. The whole operation of the deed from sheriff Andrews is upon "all the right, title and interest in him vested by said deed and appointment." It assumed to convey nothing except what was thus vested in the sheriff. Now as that deed in no contingency vested in him any right, title or interest in the property whatever, palpably his deed, thus limited in its operation and scope, passed nothing, and was therefore no bar to the plaintiff's right to redeem.

3. The defendants, in their answer, sought to question the title of the plaintiffs on the ground, as alleged, that the sale at which they purchased was a sale of the whole of the trust property in the lump. It is, however, not pretended in the answer, that the property would have sold for a larger sum had it been sold in parcels. Nor does the evidence show how the property was in point of fact sold, whether in the lump

or in parcels ; nor, if in the lump, that any injury resulted therefrom.

A sale of property in the mass, is not void but only voidable ; and in this case no ground is either averred or proved for avoiding the sale.

3. The discrepancy, real or supposed, between the notes described in the trust deed to Kribben, and in the deed from Kribben to Miller in the condition of the record, furnished no ground to overturn the plaintiffs' purchase.

We find no error in this record. Let the judgment be affirmed ; the other judges concurring.