JOHN McKNIGHT, Appellant, v. ABIGAIL S. WIMER, Respondent.

*Mortgage—Deed of Trust—Power.*—A. made to B., as trustee, a deed of trust of lands to secure the payment of a debt due by A. to C. The deed provided, that, in default of payment of the debt secured, B., or, in case of his death or absence from the State, the sheriff of the county, might sell the land in accordance with the terms prescribed. In default of payment, B. being absent from the State, the sheriff advertised and sold the land in accordance with the terms prescribed by the deed, and executed a deed to the purchaser; which, after reciting the deed of trust and the powers given, the advertisement, sale, and receipt of the consideration, contained the following granting clause: "I, J. C. V., sheriff and trustee as aforesaid, in consideration, &c., and by virtue of the authority in me vested by said deed and appointment, do hereby assign, transfer and convey to him (the purchaser) all the right, title and interest in me vested by said deed and appointment, that I may or can sell and convey as sheriff and trustee as aforesaid, by virtue of said deed, appointment and advertisement, of, in and to the said real estate, &c. *Held,* that the sheriff took a power under the deed, that in the cases provided by the deed he could execute said power and thereby divest the grantee of his estate, and convey the same to the purchaser; that he held the power for the benefit of the holder of the notes; that the power was not revocable by the grantors in the deed of trust, the debt remaining unpaid; that the deed delivered by the sheriff properly executed the power, and the purchaser thereby acquired an estate in fee. (Miller et al. v. Evans et al., 35 Mo. 45, P. 1, disapproved.)

McKnight v. Wimer.

*Appeal from St. Louis Land Court.*

*Lackland, Cline & Jamieson*, for appellant.

The court below erred in deciding that no title passed to the appellant.

I. Because there was express power given in the deed of trust to the sheriff to advertise, sell, and convey.

II. Admitting for argument sake that there was no title in the sheriff, still, as the power was given to sell and convey, he could do it and pass the title. A sheriff, under execution, can sell and convey real estate, although there is no title in him; also, an administrator can sell and convey real estate under an order of the probate court; also an executor, under a will, without any order of court; also an agent, under a power of attorney.

III. The legal effect of the deed of trust operated to pass the legal title to the sheriff, in the absence of the trustee, and enabled the sheriff to advertise, sell, and convey.

*Glover & Shepley*, for respondent.

I. The deed of Sheriff Vogel passed no title to McKnight, because there is no principle of law or equity known, by which, in such a case, the sheriff was authorized to transfer the title. By the deed the estate was vested in McClellan, and the power to sell was conferred on McClellan. This power, being coupled with an interest in the property, could be exercised in accordance with long established principles of law. But the attempt to convey power in the manner used in the deed, is anomalous in practice, and has no ground of support in the law.

The sheriff has no title, therefore he cannot convey as owner: he is not an agent, and as such cannot convey: he is not the agent of the grantors, for they could not control him: he is not the agent of McClellan, for McClellan does not appoint him. If the sheriff be an agent, then he must convey in the name of his principal. But he has pretended to convey in his own name, and not in the name of any princi-

pal; so that the sheriff is neither agent nor trustee in this conveyance.

II. But he has not conveyed the property at all, nor the right of the Wimers, or of McClellan. He has conveyed simply the property, right and title, vested in him, that he could as sheriff convey. The deed of Vogel, therefore, is inoperative—35 Mo. 45.

WAGNER, Judge, delivered the opinion of the court.

This was an action of ejectment brought in the Land Court for the possession of a lot in the city of St. Louis. Plaintiff claimed title by virtue of a deed from the sheriff of St. Louis county, who sold the premises under a deed of trust.

The record shows that on the 26th day of September, 1860, E. H. Shepard, trustee of Abigail S. Wimer, and John M. Wimer and Abigail his wife, executed to Josiah G. McClellan, as trustee, their certain deed of conveyance, conveying the lot in controversy for the purpose of securing the payment of certain promissory notes therein specified. It was provided in the deed, that if the notes, or either of them, were not paid when they became due, then the trustee (McClellan), "or in the event of his absence from the city of St. Louis, sickness, death, or other disability, or refusal to act, then the acting sheriff, for the time being, of the county of St. Louis, upon request of the legal holder of said notes, or either of them, may proceed to sell the property hereinbefore described, or any part thereof, at public vendue, to the highest bidder, at the east front of the St. Louis county courthouse, in the city of St. Louis, Missouri, for cash, first giving twenty days' public notice of the time, terms and place of said sale, and of the property to be sold, by advertisement in some newspaper printed and published in the city of St. Louis; and upon such sale, shall execute and deliver a deed in fee simple of the property sold to the purchaser or purchasers thereof."

McClellan was out of the State, and the legal holders of the notes requested John C. Vogel, the sheriff of St. Louis

county, to proceed to sell the property in accordance with the power contained in the deed of trust.

At the sale the plaintiff became the purchaser of the premises, and the sheriff executed and delivered to him a deed, of which the following is the granting clause : "Now, therefore, know all men by these presents, that I, John C. Vogel, sheriff and trustee as aforesaid, in consideration of the premises and of the sum of seven thousand seven hundred dollars and —— cents, to me cash in hand paid by the said John McKnight, the receipt whereof I do hereby acknowledge; and by virtue of the authority in me vested by said deed and appointment, I do hereby assign, transfer and convey to him, the said John McKnight, all the right, title and interest in me vested by said deed and appointment, that I may or can sell and convey as sheriff and trustee as aforesaid, by virtue of said deed, appointment and advertisement, of, in and to the said real estate as above herein described."

The plaintiff requested the court to declare the law to be, that if Wimer and wife and Shepard executed the deed of trust read in evidence, and if the said Vogel was sheriff of St. Louis county at the time of the sale and the execution of the deed, and if Josiah G. McClellan was absent from the city of St. Louis at the time of the said sale, then the plaintiff was entitled to recover; which the court refused, and then found for the defendant.

A similar case to this is Miller et al. v. Evans et al., 35 Mo. 45, and it was there decided that the sheriff had no right, title or interest in the property whatever, and that his deed passed no title to the purchaser. The court proceeded on the idea that the absolute estate in fee simple was vested in the trustee, and that the power of sale contingently given to the sheriff passed no title to that officer, and any act of his in pursuance of the appointment was inadequate to divest the fee out of the trustee.

We have examined the subject with attention and care, and are unable to concur in the opinion arrived at in Miller v. Evans. It is a question of power, and must be determined

by the established rules, or the analogies of the law, regulating the existence of powers.

Deeds of trust as used in this State are of comparatively recent origin, and have not generally prevailed throughout the United States; they were unknown to the ancient common law, and hence no direct authority has been found bearing on the subject, where powers of this description relating to them have been adjudged and construed.

Powers or authorities by which one person enabled another to do an act for him were well known to the common law, and were divided into two sorts : naked powers, or bare authorities ; and powers coupled with an interest. A man might give a power or authority by will, which was a naked authority, not annexed to an estate. So he might give a power to a stranger, which was a naked collateral power, not annexed to an estate—4 Greenl. Crui. 181, 183 ; 7 Com. Dig., tit. Poiar, *a.* 1 ; Edwards v. Slater, Hard. 415, per Hale, C. B. Powers simply collateral are those given to mere strangers who have no interest in the land—Greenl. Crui. *supra* 184, § 11 : as where a person is invested with the capacity of disposing of an interest in, or destroying an interest in that which he has not, nor ever had any estate, but is barely empowered to sell ; and a person having such power can only execute the bare authority which is given him, and he cannot alter it, or destroy it, or extinguish it. A man may devise that his executor shall sell (though the title descends to the heir), which is a naked power, and is good. Such a power to executors confers a power to sell the land, without at the same time vesting any estate or interest in them—1 Sugd. Pow. 128–33, 6th ed. ; 4 Kent. Com. 320–1, n. *c.* ; Lancaster v. Thornton, 2 Burr. 1031 ; Wooldridge v. Watkins, 3 Bibb, 350 ; Zebach v. Smith, 3 Binn. 69 ; Peter v. Beverly, 10 Pet. 532.

Where a testator devised his estate to his heirs, and at the same time authorized his executor to sell the same, or any part thereof, if he should deem it for the interest of the heirs, it was held that the fee vested in the heirs, subject to be

avoided by the sale of the executor. And Parker, Ch. J., in delivering the opinion of the court, said, "that a naked power to the executor to sell has this effect, appears very clearly from Powell on Devises, 292, 302, 310 ; Co. Lit. 113 *a.*, n. 146, 342 *b.*, n. 298; Bergen v. Bennet, 1 Cai. Cas. in Err. 14. The doctrine laid down in all these authorities is, that where a power, not coupled with an interest, is given;to the executor to sell, the fee may vest in the devisee or heir until the sale ; but, as soon as the power is executed, they, as well as all to whom they may have conveyed, are divested of the fee, which immediately vests in the purchaser under the power. —Braman v. Stiles, 2 Pick. 460."

It is said that naked powers not coupled with an interest are to be strictly construed ; but we think it more correct to say, that they should be carried into effect and executed according to the true intent of the party conferring them. Although, from the terms made use of in creating a power, detached from other parts of the instrument, it might be considered a mere naked power ; yet if, from its connection with other provisions, it clearly appears to have been the intention of the grantor, or testator, that the land should be sold for the purpose of executing the trust, and such sale is necessary to execute the trust, it will be construed as a power coupled with an interest, for the purpose of effectuating the object in view.

The case here at bar shows that the grantors made their deed conveying the property in trust to McClellan as trustee, with power to sell for the purpose of paying off certain notes, if default should be made in payment when they matured. And to carry out the true intent and meaning of the trust, an additional power was conferred on the sheriff of St. Louis county in the same deed, authorizing him to sell, in the absence or disability of McClellan. A fee was vested in McClellan, subject to be divested upon the execution of the power by the sheriff, when the contingency arose which would warrant its exercise.

It is laid down that powers coupled with an interest are

irrevocable, whilst naked powers may be revoked by those who conferred them. But this was surely not such a naked power as could have been destroyed by revocation. The legal holder of the notes was the beneficiary, and was entitled to the faithful execution of the power contained in the deed for his protection and security. The sheriff was clothed with a trust for his benefit, and the grantors did not possess the power of revocation. The deed and appointment conferred authority on the sheriff, in the absence of other disability of McClellan, to sell the premises and vest the fee in the purchaser, and the power seems to have been well executed.

The judgment should have been for the plaintiff.

Reversed and remanded. Judge Holmes concurs; Judge Lovelace absent.