————O————

Wm. T. Gentry, et al., Plaintiffs in Error, vs. Mary E. Robinson, et al., Defendants in Error.

1. *Fraudulent Conveyances—Creditors—Participation in frauds. etc.* A purchaser at an execution sale becomes invested with all the rights of the creditor, and is clothed with all his remedies against fraudulent contrivances of the execution debtor. But those who become interested in the property without participating in the frauds are not affected by them.

2. *Sheriff—Power of sale passes legal title.* Where a power of sale is conferred on the Sheriff by the parties to a deed of trust, the execution of the power transfers the legal title.

*Error to the Common Pleas Court, of Lafayette County.*

*Wallace & Mitchell,* for Plaintiffs in Error.

ADAMS, Judge, delivered the opinion of the court.

This was an action in the nature of a bill in chancery, to set aside a conveyance of certain lands in or near Waverly, in Lafayette County, made to the defendant, Mary E. Robinson, and one Sarah E. Wilhite. The object of the action was to set the conveyance aside, so far as Mary E. Robinson was interested, that is, as to one undivided half of the lands. The leading facts, as established by the admissions in the pleadings and the evidence, are, that the defendant, Wm. F. Robinson, at and before the time of the conveyance to his wife, Mary E. Robinson, was largely indebted and in insolvent circumstances : that he had no means whatever to invest in lands. He however, together with Wilhite, contracted with the defendant, Sternitzky, for the purchase of the lands, and, as they had no money to pay for the lands, they applied to David Hinton, and he would not loan the money without personal security. The defendants, Oscar Miles and Olcott Bulkley, agreed to be their security, provided a deed of trust was given on the lands to save them harmless from the payment of the note to be given for the purchase money. The loan was made on these terms, and the money was invested in the lands in dispute, and a deed taken therefor to the wives of Robinson and Wilhite, who, about a year afterwards, in pursuance of the original understanding, joined with their husbands in executing the deed of trust in favor of Miles & Bulkley. This deed of trust was executed to the Sheriff of Lafayette county, as Trustee, for the purpose of saving Miles & Bulkley harmless as security on the note given for the money to buy the lands. When the note matured, Hinton brought suit and obtained judgment on it against Miles & Bulkley, and their lands were levied on to pay the judgment, and each of them paid their share of the whole judgment, amounting to over three thousand dollars ($3,000). Afterwards they ordered a sale under the deed of trust, and the acting Sheriff of La-

fayette county foreclosed the deed of trust and sold the lands, and Miles & Bulkley became the purchasers at $3000.00, and the Sheriff, as trustee, executed to them a deed for the lands. In the mean time, and just before the purchase and conveyance to the wives of Robinson and Wilhite, Woods, Christy & Co., to whom Robinson was indebted, brought suit on a note which they held on him, and afterwards obtained a judgment. After this judgment was obtained, the deed of trust referred to was made to the Sheriff to secure Miles & Bulkley as above stated. Afterwards, the lands in dispute were sold at execution sale under the judgment of Woods, Christy & Co., and the plaintiffs bought them for the price of twenty-five dollars, and took a Sheriff's deed therefor, and commenced this suit.

The court rendered a decree in favor of Miles & Bulkley. A motion for a new trial was made by the plaintiffs and overruled. Exceptions were also taken during the trial to the admissibility of some evidence, and to the refusal of the court to quash certain depositions, which it is unnecessary to detail, or to pass upon, as the leading facts are sufficiently demonstrated by the other testimony and the admissions of the pleadings.

The principle, that an insolvent debtor cannot convey away his property to hinder and delay his creditors, is well settled both at law and in equity. A deed made for that purpose is absolutely fraudulent and void as to creditors. Nor can a debtor, by any contrivance, invest his funds in property, and have it conveyed to his wife, or any other person, to hinder and prevent his creditors from reaching it. All such contrivances are fraudulent and void as to creditors. It is equally well settled, that a purchaser at execution sale becomes invested with all the rights of the creditor, and is clothed with all his remedies against such fraudulent contrivances. But it is also well settled, that sureties and others, who become interested in the property without participating in the fraudulent designs of the debtor, are not affected by his fraud. The very money, which was invested in the property in dispute

was procured on the credit of Miles & Bulkley, with the understanding that they were to be saved harmless by a deed of trust on the property; and the deed of trust made to the Sheriff in their favor was to effectuate the original purpose.

There is nothing in the evidence that tends to prove that these sureties participated in the alleged fraud. And therefore, whatever may have been the ultimate designs of the debtor, Robinson, their rights remained secure.

The point is made by the counsel for plaintiffs, that, as the deed of trust was made to the Sheriff of Lafayette county, it is void for uncertainty in the grantee, that the Sheriff, as such, could not take as trustee. The deed of trust was made for the benefit of the sureties and transferred the equitable estate to them beyond any question. Whether the Sheriff took the legal title or not, is wholly immaterial. A power of sale was conferred on the Sheriff by the parties to the deed, and the execution of this power transferred the legal estate. (McKnight vs. Wimer, 38 Mo., 132.)

During the pending of the case in the Common Pleas Court, the defendants amended their answer. The plaintiffs then claimed a continuance at the cost of the defendants, which the court denied. The plaintiffs then filed an affidavit for a continuance on account of his amendment, the costs to abide the result of the suit. The court granted a continuance at their costs, and they excepted to this order for costs.

As the case was finally determined against the plaintiffs, it is unnecessary to pass on this point.

Judgment affirmed. Judges Napton and Vories concur: Judges Wagner and Sherwood absent.