## WHITE, *Plaintiff in Error*, v. STEPHENS.

**Deed of Trust**: POWER OF SALE: SHERIFF ACTING AS TRUSTEE: DEATH
OF GRANTOR: RECITAL. A deed of trust given to secure a note pro-
vided, among other things, (1) That in case of the absence, death,
etc., of the trustee, the sheriff of the county should execute the
power of sale conferred upon the trustee; (2) That any statement
by "the said trustee" in the deed to be executed by him in pursu-
ance of a sale, as to the non-payment of the note, the advertise-
ment, sale, etc., should be *prima facie* evidence of the fact. *Held*,
(1) That the death of the grantor did not revoke the power of the
sheriff to sell; (2) That when the contingency arose in which the
sheriff was authorized to act, he became *pro hac vice* the trustee, and
proper recitals in a deed executed by him were to be received as
*prima facie* evidence.

*Error to Marion Circuit Court.*—HON. JOHN T. REDD, Judge.

REVERSED.

*Edward McCabe* and *Thos. L. Anderson* for plaintiff in
error.

*W. M. Boulware* for defendant in error.

HOUGH, C. J.—This is an action of ejectment. The
plaintiff claims title as purchaser at a sale under two trust

deeds, executed by one John Stephens and the defendant Mary A. Stephens, his wife, each of which deeds covered the premises in controversy, and provided that in case of the absence, death, refusal to act, or disability in anywise of the trustee named therein, the then acting sheriff of Marion county should, at the request of the legal holder of the note secured by said deed, proceed to sell the property at public vendue, to the highest bidder, and upon such sale should execute and deliver a deed in fee simple of the property sold to the purchaser. Each of said deeds also contained the provision that "any statement of facts or recital by the said trustee in relation to the non-payment of the money secured to be paid, the advertisement, sale, receipt of the money and the execution of the deed to the purchaser, shall be received as *prima facie* evidence of such fact." John Stephens died in possession of the premises sued for. More than nine months after his death, the contingency provided for in each of said deeds, upon which the sheriff was to act, having arisen, the sheriff made sale of the property and conveyed the same to the plaintiff, who was the purchaser at said sale. The recitals in the sheriff's deed show conformity to the requirements of the trust deed as to notice, time, place and manner of sale.

The circuit court held that the death of Stephens revoked the power of the sheriff to sell, and also ruled that the recital by the sheriff in his deed of the notice of sale and the publication thereof was not *prima facie* evidence of such facts, and thereupon rendered judgment for the defendant.

It is conceded by the defendant's counsel that when a power is coupled with an interest and united in the same person, as in the case of a mortgage with power of sale, the death of the grantor will not work a revocation of the power. *Beatie v. Butler*, 21 Mo. 313. It is also conceded that in the case of trust deeds like those before us, the sheriff may sell, and his conveyance will pass the title, although the legal title was vested in the trustee, and that

the power conferred upon the sheriff by the deed is irrevocable by the grantor, during his life. *McKnight v. Wimer*, 38 Mo. 132. But it is contended on the authority of *Hunt v. Rousmanier*, 8 Wheat. 174, that in such case, the death of the grantor works a revocation of the power of the sheriff. In the case cited, an attorney in fact was invested with authority, as collateral security for the payment of a debt, to sell a brig at sea and pay the proceeds to the creditor, and it was held, Chief Justice Marshall delivering the opinion of the court, that the death of the principal revoked the power of the attorney, although such power could not have been revoked by the principal during his life, by reason of the interest of the creditor in its execution, arising from the contract of the parties. In that case no right or interest in the thing to be sold, was transferred or conveyed to any one, to secure the creditor. In the case at bar, the title passed from the grantor to the trustee named in the deeds of trust, as a security for the debt, and was subject to be divested upon the execution of the power by the sheriff, and the conveyance of the sheriff was not required to be made in the name of the grantor in the trust deed, and the well known rule announced in *Hunt v. Rousmanier*, that an attorney in fact cannot execute a conveyance in the name of his principal after the death of the principal, is, therefore, inapplicable here. It is, doubtless, true that when a naked power is conferred by the owner of land upon another to sell the same to pay the debt of a third party, for whose security such power has been conferred under a contract therefor, the death of the principal would revoke the power, (although the principal could not revoke the power during his life,) and that for the reason that the power could not be executed by the principal after his death. Here, however, the sheriff has a power coupled with an interest *sub modo*. The trustees are, by the terms of the deed invested with the legal title, and contingently seized to the use of the sheriff, for the purpose of making his sale and conveyance effectual, and we are of opinion

that such a power is not revoked by the death of the grantor.

We are further of opinion that the recitals in the sheriff's deed are *prima facie* evidence of the facts recited. Having to make the conveyance provided for, as to such recitals, he is *pro hac vice* the trustee within the meaning of the deed of trust. *Gaines v. Allen*, 58 Mo. 537.

The judgment will be reversed and the cause remanded. All concur.