## Steele, By et al. v. Cassell, et al.

(Decided February 13, 1917.)

### Appeal from Jessamine Circuit Court.

Powers—Joint Donees — Survivorship — Deed — Construction. — A deed conveying land to Amanda T. Cassell, wife of Eugene A. Cassell, and their children, contained the following provision: " . . . . ; the said Amanda T. Cassell and Eugene A. Cassell are empowered and authorized to sell and convey said land after the lien herein retained shall have been fully paid off and discharged, if they desire to do so, and their conveyance shall create in the purchaser a perfect title to said property freed from any claim of said children." Held, that as the grantors were strangers to the grantees and received full value for the land, no question of trust or confidence is presented; and that as the purpose of the deed was to provide for a sale of the land during the infancy of the children, it was not the intention of the parties that this purpose should be defeated by the death of the husband, but that the power survived to the wife to be exercised for the benefit of herself and children.

R. L. BRONAUGH for appellants.

JOHN H. WELCH for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

On December 22nd, 1896, Edwin A. Holmes and wife, and Julia F. Ambrose and husband, conveyed to Amanda T. Cassell, wife of Eugene A. Cassell, and their children, a tract of land located in Jessamine county. The consideration was $8,200.00, of which $1,600.00 was payable in cash and the balance represented by notes, and by a mortgage in favor of William Harting's executor, which the grantees assumed. The deed contains the following provision: " . . . . ; the said Amanda T. Cassell and Eugene A. Cassell are empowered and authorized to sell and convey said land

after the lien herein retained shall have been fully paid off and discharged, if they desire to do so, and their conveyance shall create in the purchaser a perfect title to said property freed from any claim of said children.''

Eugene A. Cassell died in the year 1899, leaving the following children: Eugenia W. Cassell, Anna B. Cassell, Whitney Cassell and Terra Cassell. Terra Cassell afterwards intermarried with John Steele, and died leaving one child, Dorothy Steele, an infant.

Amanda T. Cassell brought this suit against her children, Eugenia W. Cassell, Anna B. Cassell and Whitney Cassell, and her granddaughter, Dorothy Steele, alleging that all liens on the land had been paid off and discharged and asking that it be adjudged that she alone had the power to convey the land free from the claims of her children and invest the purchaser with a perfect title. The defendants, Eugenia W. Cassell, Anna B. Cassell and Whitney Cassell, filed an answer, stating that they were all of age and that they united in the prayer of the petition. R. L. Bronaugh, an attorney of the Jessamine county bar, was appointed guardian *ad litem* for the infant defendant, Dorothy Steele, and in her behalf interposed a demurrer to the petition. The demurrer was overruled, and the guardian *ad litem* having declined to plead further, the court adjudged that Amanda T. Cassell had the power to convey the land and invest the purchaser with a perfect title. The guardian *ad litem* appeals.

The argument in favor of a reversal is as follows: Where a naked power, not coupled with an interest, is given to several persons, it must be executed by all, and does not survive to the other or others on the death of one, but when it is coupled with an interest, it may be exercised by a survivor, even though the power is discretionary, unless a contrary intention appears from the instrument creating the power. 31 Cyc., pages 1105, 1106 and 1107; Woolridge's Heirs, &c. v. Watkins' Executor, 3 Bibb 349; Muldrow's Heirs v. Fox, &c., 2 Dana 75; Atzinger v. Berger, et al., 151 Ky. 800, 152 S. W. 971. Here Mrs. Cassell's power is coupled with an interest, while the power conferred on her husband is not coupled with an interest. Hence, when he died, the naked power conferred on him, who had no interest, did not survive. to his wife, whose power was coupled with

an interest. As we view this case, however, it differs very materially from those cases where a grantor or testator, because of his special confidence or trust in certain persons, confers on them a certain power to be exercised for the benefit of the objects of his bounty. Here the grantees were entire strangers to the grantors, who received full value for the land and, therefore, had no other interest in the land after the lien thereon was discharged. In conferring the power contained in the deed, they acted solely for the accommodation of the grantees. The only purpose of the power was to provide for the sale of the land in case some one of the grantees was under the disability of infancy. While the power of sale was conferred upon Mrs. Cassell and her husband jointly, it is manifest that he was mentioned as one of the donees of the power because he had an inchoate right of curtesy in the land and it was necessary, under our statute relating to conveyances by married women, that he should either unite in the deed to the purchaser or theretofore should have conveyed to him. Kentucky Statutes, section 506. Since the purpose of the power was to authorize a sale of the land during the infancy of the children, we conclude that it was not the intention of the parties that this purpose should be defeated by the death of the husband, but that the power survived to Mrs. Cassell to be exercised in the interest of herself and her children, for whose benefit such power was clearly conferred.

Judgment affirmed.